Patrick M. Flatley
United States Bankruptcy Judge

Dated: Monday, February 01, 2016 1:37:03 PM

# IN THE UNITED STATED BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOSEPH E. D'AMICO, | ) | Case No. 14-bk-1279 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| _____ | ) | |
| | ) | |
| JOSEPH E. D'AMICO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 15-ap-05 |
| | ) | |
| DEPARTMENT OF TREASURY, | ) | |
| BUREAU OF THE FISCAL SERVICE, and | ) | |
| UNITED STATES POSTAL SERVICE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

On February 16, 2015, Joseph D'Amico (the "Debtor") initiated this adversary proceeding under § 362(k) of the Bankruptcy Code (the "Code") alleging that the Department of Treasury, Bureau of Fiscal Service ("Treasury") and the United States Postal Service ("USPS") (collectively, the "Defendants") wilfully violated the automatic stay that arose in his Chapter 7 bankruptcy case under §362(a) of the Code.

Both the Debtor and the Defendants assert that they are entitled to summary judgment on the Plaintiff's complaint.

For the reasons stated herein, the court will grant summary judgment to the Debtor and deny summary judgment to the Defendants.

1

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure ("Rule") 56, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is only appropriate if the movant demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment must make a prima facie case by showing: first, the apparent absence of any genuine dispute of material fact; and second, the movant's entitlement to judgment as a matter of law on the basis of undisputed facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant bears the burden of proof to establish that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Demonstrating an absence of any genuine dispute as to any material fact satisfies this burden. *Id.* at 323. Material facts are those necessary to establish the elements of the cause of action. *Anderson*, 477 U.S. at 248. Thus, the existence of a factual dispute is material—thereby precluding summary judgment—only if the disputed fact is determinative of the outcome under applicable law. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). A movant is entitled to judgment as a matter of law if "the record as a whole could not lead a rational trier of fact to find for the non-movant." *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (citation omitted); *see also Anderson*, 477 U.S. at 248. If the moving party shows that there is no genuine dispute of material fact, the nonmoving party must set forth specific facts that demonstrate the existence of a genuine dispute of fact for trial. *Celotex Corp.*, 477 U.S. at 322-23. The court is required to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Shaw,* 13 F.3d at 798. However, the court's role is not "to weigh the evidence and determine the truth of the matter [but to] determine whether there is a need for a trial." *Anderson*, 477 U.S. at 249-50. Nor should the court make credibility determinations. *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). If no genuine issue of material fact exists, the court has a duty to prevent claims and defenses not supported in fact from proceeding to trial. *Celotex Corp.*, 477 U.S. at 317, 323-24.

## II. BACKGROUND

The Debtor is a former employee of the USPS. At the time of his separation from the USPS, the Debtor was overdrawn 143.53 hours of annual leave, which created a debt due and owing by him to the USPS. The USPS, through its Accounting Service Center (the "ASC"), began collection of the debt prepetition. The invoices sent to the Debtor in that regard indicate

that the return address for the ASC is 2825 Lone Oak Pkwy., Eagan, MN 55121-9640. On October 17, 2014, the USPS ASC referred the Debtor's debts to ultimately Treasury's Cross-Servicing Program, which then referred the debts to the Treasury Offset Program (the "TOP").

On November 21, 2014, the Debtor filed for relief under Chapter 7 of the Bankruptcy Code. He included "USPS Dispersing Accounting Service Cente" as a creditor on his creditor matrix. The address the Debtor provided for USPS on the creditor matrix is 2825 Loanoak Parkway, Saint Paul, MN 55121. Despite that, the Bankruptcy Noticing Center ("BNC") modified USPS's address by adding "1551" as a four-digit zip code extension. According to the BNC Certificate of Service attached to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines (the "§ 341 Notice"), BNC modified USPS's address "by inserting the ZIP or replacing an incorrect ZIP." Notably, the BNC mailed both the § 341 Notice and the Order Discharging Debtor to USPS at the same address: USPS Dispersing Accounting Service Cente, 2825 Loanoak Parkway, Saint Paul, MN 55121-1551.[1]

On January 1, 2015, Treasury sent a letter to the Debtor notifying him that his monthly benefit of $2,690.45, which he anticipated receiving on February 1, 2015, was subject to a reduction of as much as 25% to pay the debt due and owing to USPS. The January 1 correspondence also indicated that the offset would be taken against his February 1, 2015 benefit unless he contacted the Debt Management Servicing Center ("DMSC") at Treasury and met its requirements to stop the offset process. The Debtor, through counsel, contacted the DMSC via letter, which the DMSC received on January 12, 2015. The Debtor's letter referenced his bankruptcy case number and stated the following as its second sentence: "As your records should already reflect, Joseph E. D'Amico filed for Chapter 7 bankruptcy protection with the United Stated Bankruptcy Court for the Northern District of West Virginia on 11/21/2014." On January 22, 2015, the Defendants offset the payment to be received by the Debtor on February 1, 2015. On January 26, 2015, the DMSC removed the Debtor's debt from collection based upon the Debtor's letter.

---

[1] For notices emanating from the court, the Clerk of Court provides a list of Notice Recipients to the BNC, which then issues notice to those identified as Notice Recipients. The BNC, however, modifies addresses by inserting ZIP codes or replacing incorrect ZIP codes, or by using a creditor's preferred address rather than the one provided on the list of Notice Recipients. The Clerk of Court does not issue notice directly to the entities listed as Notice Recipients.

### III. DISCUSSION

The Debtor alleges that the Defendants wilfully violated the automatic stay that arose in his Chapter 7 bankruptcy case under § 362(a) of the Bankruptcy Code when they collected a their debt against him postpetition. The Defendants assert that they are entitled to summary judgment on the Debtor's complaint because they did not know about the Debtor's bankruptcy case when they offset the Debtor's retirement benefit to collect a portion of the Debtor's debt to USPS.

The automatic stay of the Bankruptcy Code goes into effect when a case is filed, and terminates with respect to the debtor when the debtor receives a discharge, and terminates with respect to the estate on the earlier of the time when: (1) the affected estate property is no longer property of the estate, (2) the case is closed, or (3) the case is dismissed. 11 U.S.C. §§ 362(c)(1), (2). Among other things, the automatic stay prevents "the setoff of any debt owing to the debtor . . . against any claim against the debtor." § 362(a)(7). When a creditor willfully violates the automatic stay, the debtor has a cause of action for actual damages, costs, attorney fees, and in appropriate circumstances, punitive damages. A "willful" violation of the automatic stay occurs when "the creditor acts deliberately with knowledge of the bankruptcy petition." *Knaus v. Concordia Lumber Co. (In re Knaus)*, 889 F.2d 773, 775 (8th Cir. 1989); *see also Cooper v. Shaw's Express (In re Bulldog Trucking)*, No. 94-1936, 1995 U.S. App. LEXIS 29654 at *9-10 (4th Cir. Oct. 19, 1995) ("'A 'willful violation' does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional.'") (citation omitted).

The parties focus their respective arguments on the dispute regarding when the USPS ASC received notice of the Debtor's bankruptcy case. The court, however, perceives that dispute to be somewhat of a red herring. Instead, the court believes that summary judgment is appropriate here based upon other undisputed facts. Specifically, it is undisputed that the USPS ASC referred the debt to the TOP prepetition and that the USPS ASC took no action postpetition, on its own, to collect the debt owed to it by the Debtor. Treasury, as USPS's agent, notified the Debtor by a letter dated January 1, 2015, of its anticipated debt collection against him unless he took specific action to stop the collection. The court does not find that correspondence to be in

4

violation of the automatic stay because it did not demand payment or otherwise attempt to collect the debt from the Debtor. Rather, Treasury was notifying the Debtor that USPS ASC referred the debt to it for collection at a future date. In that regard, Treasury's letter indicated that it anticipated collecting a portion of the debt owed to USPS by offsetting it against the Debtor's monthly benefit payment, which was scheduled to be made on February 1, 2015. The letter also advised the Debtor that he should contact the DMSC to stop the collection process. Interestingly, Treasury did not indicate in its letter how far in advance of the February 1 benefit payment the Debtor needed to contact the DMSC in order to stop the anticipated debt collection and prevent the offset. In response to the January 1 missive, the Debtor, through counsel, mailed a letter to the DMSC.

On January 12, 2015, DMSC received the Debtor's letter, which referenced his bankruptcy case pending in this court. The DMSC processed the Debtor's letter as routine correspondence and not on an expedited basis as it does mail that includes official documents from a bankruptcy court. Ten days later, and ten days before the anticipated February 1 payment to the Debtor, Treasury processed the offset. Because Treasury collected a portion of the Debtor's debt to USPS postpetition, it violated the automatic stay that arose in the Debtor's case under § 362(a) of the Bankruptcy Code. Additionally, Treasury's violation in that regard was willful because it acted with knowledge of the Debtor's bankruptcy case. Specifically, Treasury admits that, through the DMSC, it received the Debtor's letter ten days before it acted to collect the debt at issue here. Nonetheless, it argues that the letter did not sufficiently identify the Debtor's bankruptcy case to justify processing the mail expeditiously in order to stop the offset, which it knew would occur ten days later. The court finds Treasury's argument in that regard to be unpersuasive, if not specious, because the Debtor's letter notified Treasury of the Debtor's bankruptcy case number, the chapter under which the Debtor filed, the petition date, and the court where the Debtor filed his case. Moreover, the Debtor's notification in that regard was conspicuous: The Debtor included the case number and petition date among other information directly above the salutation, and the second sentence of the Debtor's letter again referenced his Chapter 7 case. And although the Debtor did not enclose with his letter any official documentation from this court, the information disclosed therein, and the fact that it was written on counsel's letterhead, was sufficient in the court's view to put a reasonable person on notice that the matter required expedited attention.

## IV. CONCLUSION

Based upon the foregoing, the court finds that Treasury wilfully violated the automatic stay and that the Debtor is thus entitled to summary judgment in that regard. To the extent that the Debtor's complaint is also against USPS, the court similarly grants the Debtor summary judgment against USPS. Although the court did not find that USPS wilfully violated the automatic stay on its own—the only willful violation being the offset conducted by Treasury—it finds that Treasury's violation can be imputed to USPS because Treasury was acting as its agent. Moreover, the court believes its ruling in that regard to be appropriate because the Debtor cannot recover twice for a single stay violation.

Having determined that the Defendants are liable to the Debtor for their willful violation of the stay, the court will enter an order granting the Debtor summary judgment and setting an evidentiary hearing at which it can receive evidence from the Debtor regarding compensatory damages, including attorney fees, that he suffered as a result of the willful violation.[2]

---

[2] To the extent the Debtor's prayer for relief contains a request for punitive damages against the Defendants, the court cannot grant the Debtor such relief. 11 U.S.C. § 106(a)(3).